# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FULLER,<br>    Petitioner,<br><br>vs.<br><br>MICHAEL WENEROWICZ; THE<br>ATTORNEY GENERAL OF THE STATE<br>OF PENNSYLVANIA,<br>    Respondents. | Civil Action No. 13-535<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition") be denied and that a Certificate of Appealability likewise be denied.

**II. REPORT**

John Fuller ("Petitioner") has filed this Petition, seeking to attack his state court conviction for first degree murder for which he was sentenced to life in prison without the possibility of parole. Witnesses, who had known the Petitioner, saw the Petitioner stab the victim with a kitchen knife. At trial, Petitioner's strategy was to maintain his innocence. Petitioner now raises one ground in support of his request for habeas relief. Specifically, Petitioner claims that his trial counsel was ineffective for failing to request a jury instruction on voluntary intoxication. The jury instruction would have permitted the jury to find that Petitioner committed the killing but lacked the specific intent necessary to find him guilty of first degree murder. In effect, the jury instruction would have required Petitioner to concede that he stabbed the victim but that he lacked the requisite intent to find him guilty of first degree murder and

instead the jury would be required to find him guilty of third degree murder, which carried a sentence of 20 to 40 years, according to Petitioner. ECF No. 2 at 10.

The state courts found that because an actual innocence defense was inconsistent with a voluntary intoxication defense, Petitioner failed to show that his trial counsel was ineffective for failing to request a voluntary intoxication instruction for the jury.

Because Petitioner fails to carry his burden to show that the state courts' adjudication of this claim of ineffective assistance of counsel was contrary to or an unreasonable application of United States Supreme Court precedent, the Petition should be denied. A certificate of appealability should also be denied.

### A. Procedural History

Petitioner initiated these proceedings by the filing of the Petition, ECF No. 1, and a Brief in Support of the Petition. ECF No. 2. The sole issue Petitioner raised was whether: "Petitioner's confinement results from a violation of the Sixth Amendment to the United States Constitution in that trial counsel rendered ineffective assistance [for failing to request a jury instruction on voluntary intoxication]." Id. at 3. Respondents filed their Answer, attaching a large portion of the state court record as exhibits. ECF Nos. 6, 7 and 8. Respondents also caused the original state court record to be transmitted to this Court.

### B. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo,

171 F.3d at 888; Werts, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).

**C. Discussion**

The sole claim that Petitioner raises to support his request for habeas relief is that his trial counsel was ineffective for failing to request a jury instruction on voluntary intoxication. Petitioner was represented by Attorney Christopher Patarini at trial. Notwithstanding that there was at least one witness, who knew Petitioner before the incident and who Petitioner knew would testify that he saw Petitioner commit the stabbing, Petitioner still insisted on pursuing an actual innocence defense at trial, rather than seek a voluntary intoxication defense. This defense would have involved the admission that Petitioner did the act of killing but that he lacked the intent necessary for finding first degree murder due to voluntary intoxication.

Petitioner's claim of the ineffectiveness of trial counsel for failing to timely request a jury instruction on voluntary intoxication was also raised in his Post Conviction Relief Act ("PCRA") Petition. The PCRA trial court denied the PCRA Petition without a hearing.

On appeal, the Pennsylvania Superior Court affirmed the denial of relief, finding that Petitioner failed to carry his burden to show that trial counsel was ineffective. The Superior

Court addressed the issue of alleged ineffectiveness of trial counsel for failing to request the jury instruction on voluntary intoxication, finding that Petitioner rejected the defense of voluntary intoxication, opting instead for a complete innocence defense. Consequently, the Superior Court found that trial counsel had a reasonable basis for not requesting such an instruction. The Superior Court reasoned as follows:

> The certified record demonstrates that the PCRA court was aware of the fact that Appellant had after repeated discussions with defense counsel and a full colloquy with the trial court on the subject, emphatically rejected a voluntary intoxication defense in favor of a defense of complete innocence:
>
> . . . . [The Superior Court then quotes extensively from the on-the-record colloquy with Petitioner concerning which defense he wanted to pursue and if he wanted to pursue a voluntary intoxication defense, and Petitioner made clear that he wanted to pursue an actual innocence defense.]
>
> The record is clear, therefore, that a jury instruction on voluntary intoxication would have been incongruous with Appellant's chosen defense of innocence. From this record, the PCRA court determined that Appellant could not possibly satisfy all three prongs of his ineffectiveness claim, as the claim lacked arguable merit and failed to show that counsel pursued an unreasonable strategy. . . .
>
> Order affirmed.

Superior Court slip. op., 10/9/2012, ECF No. 8-7 at 4 to 6.

In reviewing Petitioner's ineffective assistance claim, the Pennsylvania Superior Court applied the three pronged test for ineffective assistance of counsel, id., at 3 (citing Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999)), which is utilized in Pennsylvania state courts and is derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).

The Pierce standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland,

5

and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Id. at 204. Petitioner concedes that the Pennsylvania state law test of ineffectiveness and the Strickland standard are essentially the same. ECF No. 2 at 6 ("Pennsylvania's test is essentially the same as set forth in Strickland. . . ."). Because the state courts decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those standards are essentially the same as the Strickland standard, this Court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the state court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law. Pursuant to the holding of Werts, and his concession, Petitioner is barred from arguing that the decisions of the state courts, applying the Pierce standard, are contrary to the standard announced in Strickland. Petitioner could argue the second sense of "contrary to," i.e., the state courts reached a different result from that of the United States Supreme Court on a set of materially indistinguishable facts.

However, Petitioner has not argued and does not point to any United States Supreme Court decision, in existence at the time that the state courts rendered their decisions in this case, that have a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Indeed, even assuming that Strickland had a set of facts

that are materially indistinguishable from the facts of Petitioner's case, the outcome of Strickland and the outcome in Petitioner's appeal in the Superior Court were the same, i.e., the criminal defendant was denied relief in both cases. Accordingly, Petitioner has not shown that the Pennsylvania Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court.

Therefore, it remains open for Petitioner to show that the decisions of the state courts were an unreasonable application of federal law. This is Petitioner's argument. "The Superior Court ruling is an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984)." ECF No. 2 at 6.

However, Petitioner fails to demonstrate that the state courts' disposition of his claims was an unreasonable application of United States Supreme Court precedent. In Strickland, the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's

7

performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Superior Court addressed this claim of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, __ U.S. __, __, 131 S.Ct. 733, 740 (2011) (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal

8

habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

The Superior Court's disposition of Petitioner's ineffectiveness claim was essentially a conclusion that trial counsel had a reasonable basis for not requesting the voluntary intoxication instruction because Petitioner, his client, did not want to pursue such a defense. The Superior Court held that it was reasonable for trial counsel to give effect to his client's decision. The Superior Court's decision in this regard is not an unreasonable application of United States Supreme Court precedent. In fact, it was eminently reasonable. See, e.g., Dowthitt v. Johnson, 230 F.3d 733, 748 (5th Cir. 2000) ("Counsel will not be deemed ineffective for following their client's wishes"), cert. denied, 532 U.S. 915 (2001); Foster v. Strickland, 707 F.2d 1339, 1343 - 44 (11th Cir. 1983)("Petitioner, who preempted his attorney's strategy choice, cannot now claim as erroneous the very defense he demanded Mayo present."); Williams v. Calderon, 41 F.Supp.2d 1043, 1050 (C.D. Cal. 1998)("trial counsel is not deemed ineffective for following his client's wishes."); U.S. v. Khosnevissan, Crim. No. 87-0132, 1989 WL 69528, at *11 (E.D. Pa. June 19, 1989)("A counsel's actions will not be found unreasonable if they result from strategies insisted upon by the defendant."). See also Schriro v. Landrigan, 550 U.S. 465 (2007) (counsel in a capital case cannot be deemed ineffective for failing to present evidence of mitigation during the sentencing phase when the client objects); Taylor v. Horn, 504 F.3d 416, 455 (3d Cir. 2007) (same).

In the case at issue, Petitioner argues that counsel should not have acceded to Petitioner's directive because prevailing norms require counsel to independently evaluate defenses and act in his client's best interest even if it is contrary to the client's wishes. See, e.g., ECF No. 2 at 7 ("Trial counsel consigned the decision to request the instruction for voluntary intoxication solely

9

to Petitioner. (N.T. 403-405). The basic contention presented is that counsel's decision to do so was not reasonable. . . . Except for certain fundamental decisions, e.g., whether to plead guilty, to waive trial by jury, to testify, and to appeal, all other decisions fall within the realm of counsel's professional judgment after consultation with the client.").

We reject Petitioner's contention that his trial counsel should not have acceded to Petitioner's expressed desire to maintain a defense of actual innocence and that counsel was unreasonable to comply with his client's wishes. The law of Pennsylvania governing attorney conduct is to the contrary. Commonwealth v. Hutchinson, 25 A.3d 277, 312 -313 (Pa. 2011) ("we have held that the authority to concede criminal liability and to authorize the presentation of a diminished capacity defense rests solely with the accused. *Commonwealth v. Weaver*, 500 Pa. 439, 457 A.2d 505, 506–07 (1983) (holding that even if diminished capacity[1] was the only viable defense, trial counsel would be deemed ineffective for presenting this defense without the consent of the defendant).").

In a last ditch effort to challenge his conviction, Petitioner now argues that either he was not competent to make the decision to forego a jury instruction on voluntary intoxication or he did not make a knowing and voluntary decision to do so and, therefore, counsel should not have

---

[1] In Pennsylvania, the defense of voluntary intoxication seems to merely be a sub species of the defense of diminished capacity. See, e.g., Commonwealth v. Sanchez, __ A.3d __, __, 2013 WL 6619130, at *27 (Pa. 2013) ("The defense of diminished capacity, whether grounded in mental defect or voluntary intoxication, is an extremely limited defense available only to defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill. *Commonwealth v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 312 (Pa. 2011). 'If a defendant does not admit that he killed the victim, but rather advances an innocence defense, then evidence on diminished capacity is inadmissible.' *Id.*"); Commonwealth v. Padilla, 80 A.3d 1238, 1263 (Pa. 2013) ("A defense of diminished capacity negates the element of specific intent, and thus mitigates first-degree murder to third-degree murder. The mere fact of voluntary intoxication does not give rise to a diminished capacity defense. Rather, to prove diminished capacity due to voluntary intoxication, a defendant must show that he was overwhelmed to the point of losing his faculties and sensibilities.") (citations omitted).

10

acceded to Petitioner's expressed desire to pursue an actual innocence defense. See, e.g., ECF No. 2 at 9 ("Fair minded jurists would disagree that the purported colloquy which induced Petitioner's waiver was adequate.  The record establishes a defendant incapable of making a rational decision as shown by his statement; 'I am on med[ication]s.  I am out there for real.' (N.T. 408).  And, the statement by Petitioner, a type one diabetic, of being urgently hungry.  (Id. 403-12).").

Petitioner presented this very same argument to the PCRA trial court in his pro se PCRA Petition, ECF No. 8-1 at 11 to 12, and in his pro se appeal to the Pennsylvania Superior Court.  ECF No. 8-4 at 11 ("the decision to request an instruction regarding clear and convincing evidence of appellant's intoxication should not have been left to the judgment of an irrational mentally challenged appellant.").   Although this specific argument was not expressly addressed by the state courts, we find that the state courts' rejection of Petitioner's arguments that his trial counsel was ineffective for failing to request the jury instruction on voluntary intoxication and their finding that trial counsel was not ineffective for acceding to Petitioner's expressed desire to pursue an actual innocence defense, constituted an implicit rejection of Petitioner's contentions that he was not competent and that his waiver of the right to present such a defense was not knowing and voluntary.

Our finding that the state courts implicitly rejected Petitioner's contentions that he was not competent and that his waiver was not voluntary and knowing, is based on our obligation, as a federal habeas court, to presume that a state court conviction is valid and based on the consequences that necessarily flow from such a presumption.  A judgment of conviction carries with it a presumption of regularity in federal court.  Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996)("On collateral attack. . . ., the state receives the presumption of regularity and all

reasonable inferences."); Sandoval v. Tinsley, 338 F.2d 48, 50 (10th Cir. 1964); Schlette v. California, 284 F.2d 827, 833-34 (9th Cir. 1960)("A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused."). Given this presumption of regularity, and faced with a record that is silent as to explicit findings of competency and explicit findings on whether Petitioner voluntarily waived the right to present a voluntary intoxication defense, we presume that the state courts acted constitutionally.

When confronted with an unexplained state court decision or, as here, a less than clear state court decision, a federal habeas court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). See also Townsend v. Sain, 372 U.S. 293, 314 (1963) ("if no express findings of fact have been made by the state court, the District Court must initially determine whether the state court has impliedly found material facts."), *overruled on other grounds by*, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1963). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. Campbell v. Vaughn, 209 F.3d at 289 (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)). Implicit findings of fact are tantamount to express ones, Parke v. Raley, 506 U.S. 20, 35 (1992); Marshall v. Lonberger, 459 U.S. 422, 432-33 (1983); LaVallee v. Delle Rose, 410 U.S. 690, 692 (1973) (per curiam), and are entitled to the presumption of correctness of 42 U.S.C. 2254(e)(1).

Lafferty v. Cook, 949 F.2d 1546, 1558 (10th Cir. 1991)("explicit and implicit fact findings by state trial and appellate courts [are] entitled to presumption of correctness").

Following Campbell v. Vaughn, this Court must conclude, in light of the state courts' decisions, rejecting Petitioner's ineffectiveness claim, that, as a matter of logic, the state courts found Petitioner was both competent and that he voluntarily and knowingly waived his right to present a voluntary intoxication defense.

The state courts implicitly found Petitioner was competent. This is because the state courts permitted him to undergo trial and convicted him and it is unconstitutional to try and convict an incompetent person. Pate v. Robinson, 383 U.S. 375, 378, (1966) (*citing* Bishop v. United States, 350 U.S. 961 (1956)). Such an implicit factual finding that Petitioner was competent[2] to stand trial and, consequently, to waive rights, by the state courts is presumptively correct and Petitioner has not rebutted the presumed correctness of this state court finding of competency.

Similarly, the state courts implicitly found that Petitioner's desire to present an actual innocence defense and to forego a voluntary intoxication defense was a knowing and voluntary waiver of the right to have a voluntary intoxication instruction given to the jury. Thus, when the state courts permitted Petitioner to pursue an actual innocence defense, and later found that

---

[2] See, e.g.. Fahy v. Horn, 516 F.3d 169, 181 n. 11 (3d Cir. 2008) ("Our Court has recognized that competency is a state court factual finding that . . . is presumed correct. *Taylor v. Horn*, 504 F.3d 416, 433 (3d Cir. 2007) (*citing Thompson v. Keohane*, 516 U.S. 99, 111, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (citation omitted)). A finding of competency may be implicit or explicit. *Id*. In this case, Judge Sabo found that Fahy had validly waived any post-conviction relief. Because a valid waiver requires that a court determine both the petitioner's ability to understand, *i.e., competency*, and that the petitioner does understand and freely chooses to waive, a finding of a valid waiver presupposes a finding of competency. *See id*. (*citing Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976)). Therefore, even if Judge Sabo had not made an explicit finding of competency, this implicit finding of competency is presumed correct under § 2254(e)(1) to the same extent as express factual findings. *Id.*").

counsel was not ineffective for failing to request a jury instruction on voluntary intoxication, as a matter of law and logic, the state courts necessarily found, implicitly, that Petitioner knowingly and voluntarily waived the right to present such a voluntary intoxication defense. See, e.g., Superior Court slip. op., 10/9/2012, ECF No. 8-7 at 4 ("The certified record demonstrates that the PCRA court was aware of the fact that Appellant had after repeated discussions with defense counsel and a full colloquy with the trial court on the subject, emphatically rejected a voluntary intoxication defense in favor of a defense of complete innocence"). We read the Superior Court's statement that Petitioner "emphatically rejected a voluntary intoxication defense" as constituting a finding that Petitioner "knowingly and voluntarily" rejected the voluntary intoxication defense.

Based on our review of the record of the colloquy at trial, state court record, and trial transcript at pages 403 to 405, we conclude that the Superior Court's finding is clearly supported by the record. Accordingly, we find that Petitioner has not carried his burden to show entitlement to federal habeas relief.

It must be noted that even if the record before the state courts did not affirmatively support such a conclusion of competency and a knowing and voluntary waiver, this would not be sufficient under the AEDPA to merit habeas relief. Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007) ("Silence in the record is insufficient to overcome that presumption" of correctness under the AEDPA). See Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993) ("On collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences. *Parke*, 506 U.S. at __, 113 S.Ct. at 520; *Henderson*, 426 U.S. at 647, 96 S.Ct. at 2258. . . . His [i.e., the habeas petitioner's] entire position depends on persuading us that all gaps and ambiguities in the record count against the

14

state. Judgments are presumed valid, however, and *Parke* emphasizes that one who seeks collateral relief bears a heavy burden."); Robinson v. Smith, 451 F.Supp. 1278, 1284 n.6 (W.D.N.Y. 1978) ("In my own independent review of the record, I have resolved ambiguities against petitioner");[3] Patrick v. Johnson, No. CIV.A. 3:98-CV-2291-P, 2000 WL 1400684, at *9 (N.D. Tex. Aug. 23, 2000) ("whatever ambiguity exists in the record must be resolved in favor of the trial court's finding."). See also Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (the AEDPA standard is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citation and internal quotation marks omitted).

Because Petitioner has failed to carry his burden to show entitlement to relief under the AEDPA, the Petition should be denied.

### D. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the Court concludes that Petitioner has not made any such showing and further we conclude that jurists of reason would not find the

---

[3] While Higgason v. Clark and Robinson v. Smith were decided prior to AEDPA's enactment, AEDPA increased the amount of deference federal habeas courts must give to state court adjudications. Hence, post-AEDPA, the courts' statements with regard to a silent or ambiguous record redounding to the detriment of the habeas petitioner apply even more forcefully now. See, e.g., Fields v. Thaler, 588 F.3d 270, 278 (5th Cir. 2009) ("Although a lack of fair support in the record was sufficient to rebut a presumptively correct factual finding under pre-AEDPA law, the AEDPA increased the level of deference due to a state court's factual findings."); Dorchy v. Jones, 398 F.3d 783, 787 (6th Cir. 2005) ("The present case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA), which has increased the deference that federal courts must give to state-court decisions.").

recommended disposition of this Petition debatable. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Petitioner has not established that he is being held in violation of the Constitution, laws or treaties of the United States. Accordingly, the Petition should be denied as should a Certificate of Appealability.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted:

<u>s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: February 13, 2014

cc: The Honorable Nora Barry Fischer
United States District Judge

All Counsel of Record via CM-ECF

John Fuller
HP-4068
SCI Graterford
P.O. Box 244
Graterford, PA 19426