# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FULLER, )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>)<br>)<br>MICHAEL WENEROWICZ; THE )<br>ATTORNEY GENERAL OF THE STATE )<br>OF PENNSYLVANIA, )<br>        Respondents. ) | Civil Action No. 13-535<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

The above-captioned pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (the "Petition") was received by the Clerk of Court on April 15, 2013, and was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 12, filed on February 13, 2014, recommended that Petition be dismissed as meritless. Petitioner was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file objections. Petitioner filed Objections, ECF No. 13, on March 5, 2014.

Nothing in those Objections merits rejection of the Report or extended comment. The only Objection bearing mention is Petitioner's claim that "the state courts and district court have overlooked the <u>actual</u> instruction at issue. The <u>standard jury instruction</u> says nothing about an admission of guilt required by Petitioner/defendant." ECF No. 13 at 1. Whatever the merits of Petitioner's contentions as to what is required under Pennsylvania law so as to mount a voluntary intoxication defense and/or merit a voluntary intoxication jury instruction, the question has

already been settled, to the contrary, by the Pennsylvania Supreme Court. Commonwealth v. Sanchez, 82 A.3d 943, 977 (Pa. 2013) ("The defense of diminished capacity, whether grounded in mental defect or voluntary intoxication, is an extremely limited defense available only to defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill. *Commonwealth v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 312 (Pa. 2011). 'If a defendant does not admit that he killed the victim, but rather advances an innocence defense, then evidence on diminished capacity is inadmissible.' *Id.*"). Given the Pennsylvania State Supreme Court's holding as to what is required in order to merit a voluntary intoxication defense/instruction, Petitioner's arguments to the contrary are simply unavailing here, as we are bound by the Pennsylvania State Supreme Court's construction of State law. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a State Court's interpretation of state law); Lyda v. Gibson,172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999) ("No authority is granted to federal courts to correct errors of state law made by state courts."); McCormick v. Kline, 572 F.3d 841, 850 (10th Cir. 2009) ("Even if Kansas did commit such errors under state law, however-and even if such errors, if corrected, would have meant that § 21-4608(c) did apply to McCormick's 2004 sentencing-it is simply not our province 'to reexamine state-court determinations on state-law questions,' *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). 'Such an inquiry ... is no part of a federal court's habeas review of a state conviction ..., [because] 'federal habeas corpus relief does not lie for errors of state law.'"). This is true even if we were convinced that the Pennsylvania Supreme Court's decision regarding what is required to merit the voluntary intoxication instruction/defense was wrong because, by definition, the Pennsylvania Supreme Court's construction of State law cannot be wrong. Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir. 1990) ("Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included

2

offense instruction, the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law. Indeed, if the case has been reviewed by the state's highest court it would be **impossible** to find an error of state law if that court did not.") (quoting Pilon v. Bordenkircher, 593 F.2d 264, 267 n.4 (6th Cir. 1079), *vacated on other grounds*, 444 U.S. 1 (1979))(emphasis added). Accordingly, this Objection by Petitioner is overruled.

None of Petitioner's other Objections bears mentioning. Hence, his Objections are OVERRULED.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 6th day of March, 2014,

IT IS HEREBY ORDERED that the Petition is dismissed.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 12, filed on February 13, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court. A certificate of appealability is DENIED as jurists of reason would not disagree with the disposition of this case.

The Clerk is to mark the case closed.

Nora Barry Fischer
U.S. District Judge

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

All Counsel of Record via CM-ECF

John Fuller
HP-4068
SCI Graterford
P.O. Box 244
Graterford, PA 19426